UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                              Case No. 02-50002
                                                  HON. TERRENCE G. BERG

v.

RICKY LEE NEWTON,

       Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME (DKT.
223), CONSTRUING DEFENDANT'S MOTION UNDER RULE 60(b) (DKT. 224)
AS A SECOND OR SUCCESSIVE § 2255 MOTION,
AND TRANSFERRING MOTION TO
THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Defendant Ricky Lee Newton is an inmate at the Allenwood Low Federal Correctional Institution in White Deer, Pennsylvania where he is currently serving a term of 360 months for conspiring to possess 1,000 kilograms or more of marijuana with intent to distribute. (Dkt. 224, p. 26; Dkt. 100.) Defendant, appearing pro se, has filed a motion pursuant to Fed. R. Civ. P. 60(b) titled "Motion under Rule 60(b)" (Dkt. 224) that has been fully briefed (Dkt. 225 and Dkt. 226). Defendant is seeking reconsideration of a 2011 district court order dismissing his 2009 motion to vacate his sentence under 28 U.S.C. § 2255. (Dkt. 212.) In addition, Defendant has filed a motion requesting a 60-day extension of time to file a brief in support of his Rule 60(b) motion. (Dkt. 223). Because the Court has received Defendant's "Memorandum of Law in Support" of his Rule 60(b) (Dkt. 224),

Defendant's motion for an extension of time to file a brief in support (Dkt. 223) will be denied as moot.

Given that Defendant's Motion under Rule 60(b) (Dkt. 224) advances at least one claim attacking the merits of the district court's denial of his § 2255 motion, the Court will construe Defendant's Rule 60(b) motion as a second or successive petition to vacate his sentence under 28 U.S.C. § 2255. The Court lacks the authority to decide such a motion, however, because the United States Court of Appeals for the Sixth Circuit has not first approved its filing. 28 U.S.C. § 2255; *see also Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) (when a second or successive § 2255 motion is filed without prior authorization from the Court of Appeals, the district court shall transfer it to the Court of Appeals under 28 U.S.C. § 1631). Defendant's pending Rule 60(b) motion (Dkt. 224) will therefore be denied without prejudice for want of jurisdiction and transferred to the Court of Appeals for the Sixth Circuit as a second or successive § 2255 motion.

## I.   FACTUAL BACKGROUND

On September 20, 2002, a jury convicted Defendant of conspiracy to possess with intent to distribute 100 to 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 846 and § 841(a). (Dkt. 87; Dkt. 100, p. 1.) Defendant was sentenced to a 360-month term of imprisonment on December 19, 2002. (Dkt. 100, pp. 1-2.) On December 27, 2002, Defendant appealed his sentence. (Dkt. 102.) The Court of Appeals for the Sixth Circuit upheld his conviction and sentence on November 19, 2004. *United States v. Newton*, 389 F.3d 631 (2005).

1

On October 24, 2005, the United States Supreme Court vacated the judgment and remanded the case "for further consideration in light of *United States v. Booker*, 543 U.S. 22 (2005)." *Newton v. United States*, 546 U.S. 803 (2005). The district court re-sentenced Defendant to the same 360-month prison term on June 28, 2007. (Dkt. 190, pp. 1-2.) The Court of Appeals for the Sixth Circuit affirmed the judgment on appeal (Dkt. 198), and the United States Supreme Court denied certiorari on November 17, 2008 (Dkt. 201).

Defendant filed several versions of a motion to vacate his sentence under 28 U.S.C. § 2255 in late November and early December 2009.[1] (Dkt. 202-207.) In his motion, Defendant alleged that he was: (1) denied his Sixth Amendment right to the effective assistance of counsel at trial and on direct appeal; (2) prejudiced by the prosecutor's misconduct at trial; and (3) not competent to waive his objection to the dismissal of several counts immediately prior to trial because he was sleep deprived. (*Id.*) On April 21, 2011, the district court denied Defendant's motion and denied him a certificate of appealability. (Dkt. 212).

Defendant then filed a motion in the Court of Appeals for the Sixth Circuit requesting permission to file a second or successive motion to vacate his sentence under 28 U.S.C. § 2255. (Dkt. 214.) The Court construed this motion as "an application for a certificate of appealability" and denied the application (Dkt. 220, p. 1.) Defendant's action was then dismissed on February 6, 2013 for want of prosecution. (Dkt. 221, p. 2.) A year later, on February 7, 2014, Defendant filed his

---

[1] Defendant filed two separate motions to vacate (Dkt. 202, 204), two notices of his intention to file motions to vacate (Dkt. 203, 205), and two supplemental memorandums (Dkt. 206, 207).

2

Motion under Rule 60(b) (Dkt. 224) and his motion requesting an extension of time to file a brief in support of his Rule 60(b) motion (Dkt. 223) that are now before the Court.

## II.   ANALYSIS

Defendant has filed the instant motion pursuant to Fed. R. Civ. P. 60(b) seeking reconsideration of the district court's dismissal of his motion to vacate his sentence under 28 U.S.C. § 2255. (Dkt. 226, p. 3.) Defendant maintains that "he had significant grounds to file" the § 2255 motion "and the district court should have listened to his arguments and decided accordingly." (*Id.*) In the instant motion filed on February 7, 2014, Defendant appears to make six different claims for relief:

(1) There is new evidence regarding ownership of the barn where drugs were found that was not available to Defendant when he filed his § 2255 motion in 2009. (*Id.* at 3.)

(2)  The United States Supreme Court decisions in *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) apply retroactively to Defendant's case and therefore he may present new arguments attacking his sentence and conviction based on those decisions. (*Id.* at 4.)

(3) During his trial, Defendant was "impaired by not being able to sleep for several days" and his attorney "failed to present the issue of impairment in an appropriate way." (*Id.*)

(4) His trial "failed to start on the 70 day period established by the Speedy Trial Act" and the district court "failed to justify the delay based on 'ends of justice' for the record." (*Id.* at 5.)

(5) The district court "failed to make available to [Defendant] a copy of his Motion under 28 U.S.C. 2255 that he needed to do his Memorandum of Support and his Certificate of Appealability Motion" and thus denied Defendant "substantial Due Process." (*Id.* at 5-6.)

(6) The affidavit used to secure the search warrant was insufficient. (*Id.* at 18-22.)

3

### A.  Legal Standard

A second or successive § 2255 motion must be transferred to the Court of Appeals for preapproval of its filing. 28 U.S.C. § 1631; *see also Sims*, 111 F.3d at 47. Accordingly, the Court must first consider whether Defendant's motion is a true Rule 60(b) motion or whether it is really a second or successive § 2255 motion. Pursuant to Fed. R. Civ. P. 60(b), the Court may grant relief from final judgments, orders, or proceedings under certain circumstances including fraud, mistake, and newly discovered evidence. In federal habeas corpus proceedings, however, Rule 60(b) applies only "to the extent that [it is] not inconsistent with" applicable federal statutes. *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005).

In *Gonzalez v. Crosby*, the United States Supreme Court addressed the interplay between Rule 60(b) and the prohibition on second or successive petitions under 28 U.S.C. § 2244. A true Rule 60(b) motion will only challenge "some defect in the integrity of the federal habeas proceeding" or a procedural ruling that "precluded a merits determination" of the habeas application. *Id.* at 532, 532 n. 4. A Rule 60(b) motion should be treated a second or successive petition when it seeks to vindicate or advance one or more "claims." *Id.* at 531-32. A "claim" in this context will seek "to add a new ground for relief," assert a "federal basis for relief from a state court's judgment of conviction," or attack "the federal court's previous resolution of a claim on the merits." *Id.* at 530, 532. In essence, a Rule 60(b) is a second or successive petition if it "in substance or effect asserts or reasserts a

4

federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006)).

Although the habeas corpus proceedings in *Gonzalez* fell under 28 U.S.C. § 2244, this Circuit has extended the *Gonzalez* Court's reasoning to § 2255 claims. *In re Nailor*, 487 F.3d 1018, 1022-23 (6th Cir. 2007). In *Nailor*, the Court explained that a Rule 60(b) motion attempting "to add a new ground for relief'" or attacking "the federal court's previous resolution of a claim on the merits" should be treated as a second or successive § 2255 motion. 487 F.3d at 1022 (citing *Gonzalez*, 545 U.S. at 532). These two circumstances represent an impermissible use of Rule 60(b) to circumvent the preauthorization requirement established in ¶ 8 of 28 U.S.C. § 2255. *Id.* at 1023.

**A. Defendant's Motion under Rule 60(b)**

Defendant previously filed a motion under 28 U.S.C. § 2255 to vacate his sentence that was denied by the district court. (Dkt. 202-207; Dkt. 212.) Defendant now brings a Motion under Rule 60(b) arguing that the district court "should have listened to his arguments" presented in his § 2255 motion and decided in his favor. (Dkt. 224, p. 3.) When considered in light of the *Gonzalez* criteria, however, Defendant's instant Motion under Rule 60(b) (Dkt. 224) presents claims for relief that oblige the Court to construe it as a second or successive § 2255 motion requiring the preauthorization of the Court of Appeals for the Sixth Circuit.

5

### a. Defendant's New Evidence and New Constitutional Rule Claims

Defendant's first two claims are of newly discovered evidence and a new constitutional rule. (Dkt. 224, p. 5.) Pursuant to 28 U.S.C. § 2255(h), the Court of Appeals must certify that a second or successive § 2255 motion contains either: (1) newly discovered evidence; or (2) a new constitutional rule "made retroactive to cases on collateral review by the Supreme Court." Defendant's first claim that new evidence has come to light that was unavailable when he first filed his § 2255 motion is a type of claim that the *Gonzalez* Court found to be "in substance a successive habeas petition." 545 U.S. at 531 ("a motion might seek leave to present 'newly discovered evidence' … in support of a claim previously denied.").

Defendant's second claim is that *Missouri v. Frye* and *Lafler v. Cooper* represent a change in constitutional law that created a "new rule made retroactive on collateral review." (Dkt. 224, p. 5.) According to Defendant, this new rule allows him to raise his new argument that his attorney failed to properly advise him about the contents and consequences of a plea agreement. (*Id.* at 4.) Under 28 U.S.C. § 2255(h), the Court of Appeals must certify a claim invoking "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[2] In addition, the *Gonzalez* Court found that a motion should be treated as a successive habeas petition if it contends that "a subsequent change in substantive law is a 'reason justifying relief.'" 545 U.S. at 531.

---

[2] As Plaintiff notes, however, Defendant's claim is clearly erroneous. (Dkt. 225, p. 6.) This Circuit has already determined that "neither *Frye* nor *Cooper* created a 'new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.'" *In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013).

6

### b.   Defendant's Ineffective Assistance of Counsel Claim

Next, Defendant claims that his attorney did not "present the issue of [sleep] impairment in an appropriate way" and that this failure rises to the level of ineffective assistance of counsel. (Dkt. 224, p. 4.) Defendant previously raised the issue of his sleep deprivation during trial in his § 2255 motion, arguing that the district court should have conducted a competency hearing sua sponte after his attorney brought the problem to the presiding judge's attention on two separate occasions. (Dkt. 206, pp. 19-22.) Defendant also raised the issue of ineffective assistance of counsel, stating that his attorney's "ineffectiveness relates to all of [Defendant's] claims for relief" in the § 2255 motion. (*Id.* at 29.)

Defendant thus appears to seek a re-evaluation on the merits of his ineffective assistance of counsel claim by presenting an issue of his attorney's performance rather than attack a defect in the integrity of the federal habeas proceedings. As noted in *Gonzalez*, an attack based on the omissions of a movant's habeas counsel "ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." 545 U.S. at 532 n. 5. As such, this claim is properly considered a second or successive § 2255 motion. *See Hourani v. United States,* 239 F.App'x 195, 198 (6th Cir. 2007) (a Rule 60(b) motion arguing that an attorney failed to present a claim properly is a second or successive habeas petition.)

7

### c. Defendant's Inadequate Search Warrant Affidavit Claim

Defendant also re-asserts his claim that the search warrant affidavit was inadequate, seeking a re-evaluation on the merits. (Dkt. 224, pp. 18-22.) Defendant unsuccessfully raised this issue during the initial appeal of his conviction and sentence. *See United States of America v. Ricky Lee Newton*, 389 F.3d 631, 635-36 (6th Cir. 2004.) Defendant did not subsequently raise this issue in his § 2255 motion and therefore this claim cannot justify relief under Rule 60(b) from the district court's decision denying his § 2255 motion.

### d. Defendant's New Claims

Finally, Defendant raises two new claims. According to Defendant, the Speedy Trial Act was violated in his case because his trial did not begin within the 70-day period as required by the statute. (Dkt. 224, p. 5.) Defendant does not explain why he did not present this claim in his § 2255 motion. In addition, Defendant now claims that the district court did not provide him with a copy of his *own* § 2255 motion and thus violated Defendant's due process rights because he was unable to write a brief in support.[3] (*Id.*) Since neither claim was presented in Defendant's § 2255 motion, these claims cannot justify relief under Rule 60(b) from

---

[3] It is not clear whether Defendant is arguing that he requested a copy of his own § 2255 motion to write a brief in support of that motion or in support of his subsequent request to file a successive § 2255 motion. In either case, Defendant's claim is belied by the record. Defendant did request copies of documents related to his § 2255 motion, but in 2011 *after* said motion had already been denied. (Dkt. 218.) If Defendant is instead arguing that that he needed these documents to write a brief in support of his request to file his second or successive § 2255 motion denied on February 6, 2013 (Dkt. 221), this argument also fails because the record shows that his request for copies was granted on September 12, 2011 (Dkt. 219). Copies of the order granting Defendant's request for copies, a copy of Defendant's § 2255 motion, and a copy of the district court's order denying Defendant's § 2255 motion were mailed to Defendant at the Allenwood Low Federal Correctional Institution, P.O. Box 1000, in White Deer, Pennsylvania on September 14, 2011. (*See* Dkt. 219; Text-Only Certificate of Service entered on September 14, 2011.)

8

the district court's denial of said § 2255 motion. Moreover, these claims seek to establish new grounds for relief and as such are appropriate for a second or successive petition. *Gonzalez*, 545 U.S. at 532; *Nailor*, 487 F.3d at 1022.

Defendant is not permitted to circumvent the second or successive petition requirements by labeling his motion as something other than what it is. *Gonzalez*, 545 U.S at 531. Defendant previously sought permission to file a second or successive § 2255 motion, but the Court of Appeals dismissed his request for want of prosecution. (Dkt. 220.) A year later, Defendant filed the instant motion. (Dkt. 224.) Although ostensibly filed pursuant to Rule 60(b), the motion does not attempt to challenge either a procedural ruling that precluded a merits determination of Defendant's § 2255 motion or the integrity of the previous federal habeas proceeding. Instead, Defendant's claims assert federal bases for relief from the underlying conviction. The Court therefore construes Defendant's Motion under Rule 60(b) (Dkt. 224) as a second or successive § 2255 motion that cannot be filed in this district without permission from the Court of Appeals for the Sixth Circuit.[4]

### III. CONCLUSION

For the reasons stated above, Defendant's motion requesting a 60-day extension to file a brief in support of his Motion under Rule 60(b) (Dkt. 223) is **DENIED AS MOOT**. Moreover, Defendant's Motion under Rule 60(b) (Dkt. 224),

---

[4] At times, Defendant himself seems to treat his Rule 60(b) motion as a successive § 2255 petition. For example, Defendant asserts that he only need make a superficial showing that his motion is meritorious in order to obtain authorization to file a successive § 2255 motion and maintains that he has shown that his case is meritorious because he has "newly discovered evidence" and a "new rule made retroactive on collateral review," the statutory bases for granting permission to file a second or successive § 2255 motion. (Dkt. 225, p. 5.)

construed as a second or successive § 2255 motion, is **DENIED WITHOUT PREJUDICE** for want of jurisdiction.

Accordingly, the Clerk of Court is hereby **DIRECTED** to transfer Defendant's Motion under Rule 60(b) (Dkt. 224) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *Sims*, 111 F.3d at 47.

**SO ORDERED**.

                                                 s/Terrence G. Berg
                                                 TERRENCE G. BERG
                                                 UNITED STATES DISTRICT JUDGE

Dated: December 17, 2014

### Certificate of Service

I hereby certify that this Order was electronically submitted on December 17, 2014, using the CM/ECF system, which will send notification to each party.

                                           By: s/A. Chubb
                                               Case Manager